IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MONTA MARKIES BROWN,**

    **Petitioner,**

v.                                    Civil Action No. 3:25CV295

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION

Monta Markies Brown, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the City of Petersburg ("Circuit Court"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. The Court has provided Brown with appropriate *Roseboro* notice.[1] (ECF No. 26.) Brown has responded. (ECF Nos. 27–29.) For the reasons set forth below, the Motion to Dismiss (ECF No. 24) will be GRANTED.[2]

### I. Pertinent Procedural History

#### A. Trial and Direct Appeal

Brown was convicted in the Circuit Court of two counts of carjacking, three counts of robbery, two counts of abduction, three counts of conspiracy to commit robbery, and seven counts of use of a firearm in the commission of a felony. (ECF No. 25-1, at 2.) The Circuit

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] The Court corrects the capitalization, spelling, and punctuation in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

Court sentenced Brown to an active term of imprisonment of forty-eight years. (ECF No. 25-1, at 7.)

Brown appealed his convictions to the Supreme Court of Virginia. (ECF No. 25-2, at 6.) On December 4, 2009, the Supreme Court of Virginia refused his petition for appeal. (ECF No. 25-2, at 6.) Thereafter, on March 4, 2010, the Supreme Court of Virginia denied his petition for rehearing. (ECF No. 25-2, at 7.)

**B. State Habeas**

On December 14, 2010, Brown filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, (Case No. 102475). (ECF No. 25-3, at 36.). On July 25, 2011, the Supreme Court of Virginia dismissed that petition. (ECF No. 25-3, at 42.)

Also, on December 14, 2010, Brown another petition for a writ of habeas corpus with the Supreme Court of Virginia (Case No. 102476). (ECF No. 25-3, at 1.) On July 25, 2011, the Supreme Court of Virginia dismissed that petition. (ECF No. 25-3, at 10.)[3]

On April 4, 2025, Brown mailed his 28 U.S.C. § 2254 Petition to this Court.[4] Brown contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim One | "Fraud on the Court—Misapplication of Statute (Violation of Due Process Right of Law.)" (ECF No. 1, at 4.) |
| Claim Two | "Ineffective Assistance of Counsel—Misrepresentative (counsel's affirmative misadvice [sic] (violation of Due Process of Law). (ECF No. 1, at 5.) |
| Claim Three | "Malicious Prosecution-Barratry/Egregious fraud (Violation of Due Process of Law)." (ECF No. 1, at 7.) |

---

[3] The Court does not recite here Brown's various post-conviction motions that have no impact the running of the statute of limitations.

[4] This is the date Brown states that he placed his § 2254 Petition in the prison mailing system (*see* ECF No. 1, at 13), and the Court deems his § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

| | |
|---|---|
| Claim Four | "Lack of Jurisdiction – Fraud and Fraud on the court (Violation of Due Process of Law)." (ECF No. 1, at 8.) |

## II. Analysis

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Brown's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Brown's judgment became final on Wednesday, June 2, 2010, when the time for filing a petition for a writ of certiorari expired. *See Hill v. Braxton*,

3

277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review).

The statute of limitations began to run the next day and ran for 194 days before Brown filed his state petitions for a writ of habeas corpus on December 14, 2010. The limitation period remained tolled under 28 U.S.C. § 2244(d)(2) until July 25, 2011 while those petitions were pending before the Supreme Court of Virginia. The limitation period began to run again on July 26, 2011 and expired 171 days later, on Friday, January 13, 2012.

Therefore, Brown § 2254 Petition is barred by the statute of limitations unless Brown demonstrates an entitlement to a belated commencement of the limitation period under 28 U.S.C. 2244(d)(B)–(D) or some equitable exception to the limitation period that would render the § 2254 Petition timely. Brown does not suggest he is entitled to a belated commencement of the limitation period.[5] At best, he argues that he is entitled to equitable tolling of the limitation period.

### C. Brown Is Not Entitled to Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he [or she] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [the] way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate

---

[5] Favorable changes in state law fail to constitute basis for a belated commencement of the limitation period. *See Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000)

asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Brown makes the following argument:

> Due to it being a violation of Movant's due process right of law seeking relief thereof. Trial judge cited law and legislation as its authority/citation which was not true and was later overruled in *Brown v. Commonwealth*, 284 Va. 538 (Nov. 1, 2012), *overruling Bullock v. Commonwealth*, 631 S.E.2d 335 (2006) in which Movant found out 2015, but was denied access to the institutional library until 2023 in which Movant filed 2024, petition was denied.
> U.S. District Court is only court with jurisdiction that can grant relief as sought. All the grounds raised in this motion are extraordinary and show the most fundamental character of error and there exist no other available remedy for relief and redress. The U.S. District Court has jurisdiction to enter judgment *see Rita v. U.S.*, 551 U.S. 338 "error in the judgment, a mistake and holds responsibility to correct such mistakes when they occur." Courts exist to correct errors, sentences too short or too long (ACCA).
> Movant was unable to read and spell and was not competent – lacked mental ability to comprehend throughout process 2007 through 2021 and was denied access to litigate through the institutional law library throughout incarceration.
> Savings to suitors is an extraordinary common law remedy whenever said remedy is the only complete and adequate remedy, and it is hereby and herein declared that statutory relief is not complete or adequate substitute for unalienable perfect remedy at law.

(ECF No. 1, at 12 (paragraph structure added).)

Brown's primary argument for equitable tolling is the change in the law created by the Supreme Court of Virginia in *Brown v. Commonwealth*. In that case, the Supreme Court of Virginia held

> that multiple sentences imposed pursuant to Code § 18.2–53.1 [for use or display of a firearm in committing a felony] may be run concurrently. We will reverse the judgment appealed from and remand the case to the Court of Appeals with direction to remand the same to the circuit court for resentencing consistent with this opinion.

5

> To the extent that the holding in *Bullock* is inconsistent with the holding we express here, we overrule that portion of the Court of Appeals' decision.

*Brown v. Commonwealth*, 733 S.E.2d 638, 641–42 (Va. 2012). However, it well-settled that a favorable change in the governing law for a particular claim fails to constitute an extraordinary circumstance that *prevented* a habeas petitioner from filing. *Whiteside v. United States*, 775 F.3d 180, 186 (4th Cir. 2014) (en banc) ("Equitable tolling thus may not be applied where, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success."); *see also Minter*, 230 F.3d at 666–67 (rejecting petitioner's contention that he was entitled to equitable tolling based on a change in state law).

Brown next vaguely argues that he is entitled to equitable tolling in light of his ignorance of the law, incompetence, and limited access to the law library. Contrary to Brown's suggestion "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted). Further, "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity," *id.* at 513 (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)), such as "institutionalization or adjudged mental incompetence of the litigant." *Grant*, 163 F.3d at 1138. A bare assertion that a petitioner "has suffered from mental impairments his entire life . . . without more, is insufficient to justify equitable tolling." *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005) (citations omitted). Brown has not alleged facts that indicate his mental condition rises to the level of "profound mental incapacity" required to warrant equitable tolling. Brown has also failed to allege how his mental impairments prevented him from timely filing his § 2254 Petition. *See Allen v. Bell*, 250 F. App'x 713, 716 (6th Cir. 2007) (concluding inmate with low IQ was not entitled to equitable tolling because he failed to "ma[ke] any factual showing of mental incapacity"). Moreover, as a

6

general rule, "[t]ransfers between prison facilities, solitary confinement, lockdowns, [and] restricted access to the law library . . . do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)).

In any event, Brown also has failed to demonstrate that he exercised diligence in seeking to file his § 2254 Petition. Instead, at least three years lapsed without Brown raising any of his current claims for relief. *Yang*, 525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))).[6] "Simply put, [Brown] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Accordingly, Brown fails to show that he is entitled to equitable tolling and his § 2254 Petition is time-barred.

---

[6] The diligence detailed by the petitioner in *Holland* stands in marked contrast to Brown's allegations here. Holland provided the courts with a detailed description of his efforts to pursue habeas relief. 560 U.S. at 635–44. From that description, the Supreme Court concluded that Holland acted with sufficient diligence, because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins — the central impediment to the pursuit of his legal remedy — removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

*Id.* at 653.

7

### III. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 24) will be GRANTED. Brown's request for entry of default (ECF No. 28) will be DENIED. Brown's § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Brown fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

Date: 11/24/2025
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge